UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ELLEN BROWN** | * | **CIVIL ACTION NO. 15-2741** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT & RECOMMENDATION**

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The District Court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

**Background & Procedural History**

Ellen Brown protectively filed the instant application for Title II Disability Insurance Benefits on May 27, 2014. (Tr. 20, 105-112).[1] She alleged disability as of April 1, 2012, because of asthma, arthritis in all major joints, degenerative disc disease in the cervical and lumbar spine, scoliosis, right eye blindness, glaucoma, a pinched nerve in her back, and high blood pressure. (Tr. 127, 131). The state agency denied the claim at the initial stage of the administrative process. (Tr. 51-60, 63-66). Thereafter, Brown requested and received an April 16, 2015, hearing before an Administrative Law Judge ("ALJ"). (Tr. 30-50). However, in a June

---

[1] Brown filed a prior disability application that was denied initially on November 22, 2013, and apparently not further appealed. *See* Tr. 127-128.

1, 2015, written decision, the ALJ determined that Brown was not disabled under the Social Security Act, finding at step four of the sequential evaluation process that she was able to return to her past relevant work as an order clerk. (Tr. 17-25). Brown appealed the adverse decision to the Appeals Council. Nonetheless, on September 21, 2015, the Appeals Council denied Brown's request for review; therefore, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-3).

On November 24, 2015, Brown sought review before this court. She alleges that the ALJ's step four finding is contrary to law and not supported by substantial evidence.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

>	(5)	If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See Boyd v. Apfel, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987).

## ALJ's Findings

### I.	Steps One, Two, and Three

The ALJ determined at step one of the sequential evaluation process that the claimant had not engaged in substantial gainful activity during the relevant period. (Tr. 22). At step two, he found that she suffers severe impairments of degenerative disc disease and retinal detachment. Id. He concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at step three of the process. Id.

### II.	Residual Functional Capacity

The ALJ next determined that the claimant retained the residual functional capacity

("RFC") to perform sedentary work,[2] except that she can sit for 30 minutes at a time and then must stand up to ten minutes before returning to a seated position. (Tr. 23-25). She also must work in a climate-controlled environment and has monocular vision. *Id*.

### III.  Step Four

The ALJ found at step four that,

> [t]he claimant previously performed work as an order clerk, which the vocational expert classified as sedentary work, DOT 249.362-026. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the clamant is able to perform it **as actually performed**. This finding is substantiated by the testimony of the vocational expert, who testified that [sic] claimant could perform this past work as an order clerk, given her limitations.

(Tr. 25) (emphasis added).[3]

## Analysis

Plaintiff contends that the ALJ's step four decision is flawed because her past relevant work as an order clerk was a composite job[4] that included components of a stock clerk – an

---

[2]  Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

[3]  Past relevant work is defined as "the actual demands of past work *or* the functional demands . . . of the occupation as generally required by employers throughout the national economy." *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987) (internal quotation marks omitted) (citing Social Security Ruling 82-61); *see also* 20 C.F.R. § 404.1560(b)(2).

[4]  Social Security Ruling 82-61 provides that,
> composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine

5

occupation that generally is performed at the heavy exertional level.[5] Plaintiff further emphasizes that she explicitly raised this issue in a post-hearing brief to the ALJ, which the ALJ failed to address. (Tr. 198-199).

At a more fundamental level, the court observes that the ALJ determined that Brown was able to return to her past relevant work as an order clerk – as *actually* performed. It is manifest, however, that plaintiff is unable to perform her past relevant work, as she *actually* performed it because she was required to lift up to 50 pounds (Tr. 140), which, of course, exceeds her RFC for work at the sedentary exertional level.

In addition, the existing record does not a support a potential alternative finding that plaintiff was able to return to her past relevant work as that job is *generally* performed in the national economy. Here, the ALJ explicitly relied on the vocational expert's testimony to

---

how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or vocational expert.

SSR 82-61: TITLES II AND XVI: PAST RELEVANT WORK -- THE PARTICULAR JOB OR THE OCCUPATION AS GENERALLY PERFORMED.

In addition, according to the SSA's Program Operations Manual System ("POMS"):

Composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT. If you [the adjudicator] can accurately describe the main duties of PRW only by considering multiple DOT occupations, the claimant may have performed a composite job. If you determine that PRW was a composite job, you must explain why. When comparing the claimant's RFC to a composite job as it was performed, find the claimant capable of performing the composite job only if he or she can perform all parts of the job. A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy." At step 5 of sequential evaluation, a claimant may be able to use skills he or she gained from a composite job to adjust to other work..

POMS, DI 25005.020(B) PAST RELEVANT WORK (PRW) AS THE CLAIMANT PERFORMED IT (emphasis added).

[5] Albeit, plaintiff actually performed it at the medium exertional level.

support his step four determination. According to the transcript, however, the ALJ's hypothetical to the vocational expert incorrectly assumed an individual with "binocular" vision, rather than an individual with "monocular" vision, as ultimately found by the ALJ in his RFC. *See* Tr. 48, 23.[6] Furthermore, in response to the ALJ's question asking whether the hypothetical claimant could return to her past work, the vocational expert replied, "[u]nder that hypothetical, I suppose she was doing good, yeah." (Tr. 47-48). At best, however, the meaning of the foregoing exchange remains unclear. The vocational expert's statement that the claimant was doing well in her past work suggests that he was considering her job as she actually performed it, rather than as it was generally performed in the national economy.

In short, the court is constrained to find that the ALJ's step four finding is not supported by substantial evidence. Moreover, the error is material to the ALJ's ultimate finding of "not disabled" – not only because he decided the matter at step four of the sequential evaluation process, but also because if the plaintiff is unable to perform past relevant work, then, upon consideration of her vocational factors and an RFC for no more than sedentary work, a finding of "disabled" may be compelled under the guidelines at step five. *See* Rule 201.06, Table 1, Appendix 2, Subpart P, Regulations No. 4.[7]

---

[6] It is certainly plausible that the transcript's reference to "binocular" vision was a simple transcription error, given: 1) plaintiff's testimony at the hearing that she was blind in one eye and 2) the ALJ's inclusion of "binocular" vision as one of the claimant's limitations in his hypothetical to the vocational expert. On the other hand, at the time of the hearing, the ALJ may have been contemplating a finding that she retained binocular vision, her allegations notwithstanding, and thus, needed to clarify that she retained binocular vision in light of her testimony. Indeed, the non-examining agency physician in this case assigned no visual limitations of functioning. *See* Tr. 56-58.

[7] Having determined that remand is required on distinct but related grounds, the court need not resolve plaintiff's composite job argument. Instead, she may explore this theory further upon remand.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of January 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE